CJ-17-6272
parrish



# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| JOHN FOX and BARBARA FOX,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRY FINANCIAL<br>INSURANCE COMPANY,<br><br>Defendant. | FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>NOV - 1 2017<br><br>RICK WARREN<br>COURT CLERK<br>Case No:  40_____<br><br>**CJ-2017-6272**<br><br>**JURY TRIAL DEMANDED** |

## PETITION

COMES NOW the Plaintiffs, John Fox and Barbara Fox, and for their causes of action against Defendant, allege and state:

1. At all times material hereto Plaintiffs' property was insured under Country Financial Insurance Company, Policy No. A35K7883601. The subject policy was in full force and effect at all times pertinent hereto.

2. Plaintiff property sustained earthquake damage on November 7, 2016.

3. Plaintiffs submitted a claim for earthquake damage to Defendant, made the premises available for inspection by Defendant's adjuster, cooperated in the limited investigation that Defendant performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

4. Country Financial breached the subject insurance contract by wrongfully denying Plaintiffs' claims for loss or damage to his property caused by earthquake.

5. Country Financial breached the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

    a. failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when Country Financial knew that it was entitled to those benefits because the earthquake damage was obvious;

    b. failing to properly investigate Plaintiffs claim by not attempting to view and consider all apparent damage;

    c. refusing to honor Plaintiffs claims for reasons contrary to the express provisions of the policy that covers earthquake damage;

    d. refusing to honor Plaintiffs claims in some instances by applying restrictions not contained in the policy;

    e. refusing to honor Plaintiffs claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

    f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiffs claims;

    g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs claims once liability had become reasonably clear;

    h. failing to properly evaluate the limited investigation that was performed;

 i. refusing to consider the reasonable expectations of the insured that her home would be covered for earthquake damage;

 j. using the services of a purported expert who, upon information and belief, finds in a disproportionate number of claims for the insurance company;

 k. intentionally prolonging the claims handling process for an unreasonable amount of time of a year;

 l. forcing the insured to hire their own engineer as a requirement for Defendant to further consider coverage and claim benefits;

 m. refusing to consider expert opinion of insured's hired engineer;

 n. refusing to consider evidence of insured home's pre-loss condition in determining cause of loss, and denying this claim;

 o. refusing promises of coverage and prompt payment after an insured hired an engineer;

 p. refusing to take into consideration homes damaged by the same earthquake in the vicinity;

 q. ignoring Oklahoma Insurance Department instructive on the handling of earthquake claims;

 r. refusing to correct inaccurate repair estimates;

 s. assigning unqualified adjusters to this claim; and,

 t. hiring biased engineers to write pre-made reports that determine damages is caused by a non-covered loss;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendant, Country Financial.

 6. As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiffs have

suffered the loss of the policy benefits, loss of the coverage, embarrassment, anxiety, frustration and mental and emotional distress, and other incidental damages.

7. Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, Country Financial Insurance Company, in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

MANSELL, ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail: mec@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

4